## SUNQUIST v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. January 5, 1925.)

No. 4331.

**1. Criminal law 822(11)—Instruction that evidence, if believed, warranted a verdict of guilty, with its context, held not erroneous.**

An instruction to the jury that "the evidence introduced by the government, if believed by you, is sufficient to warrant and sustain a verdict at your hands of guilty," *held* not error, where the jury were fully and correctly instructed as to the presumption of innocence and reasonable doubt.

**2. Criminal law 807(2)—Instruction as to duty to see that law was enforced not misleading.**

Instruction that it was duty of court and jurors to see that the law was enforced *held* not capable of being misunderstood, where court added that no bias or prejudice for or against the law should interfere with giving defendant and the government a fair trial.

In Error to the District Court of the United States for the Southern Division of the Northern District of California; Frank H. Kerrigan, Judge.

Criminal prosecution by the United States against Victor Sunquist. Judgment of conviction, and defendant brings error. Affirmed.

Edward A. O'Dea, of San Francisco, Cal., for plaintiff in error.

Sterling Carr, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

HUNT, Circuit Judge. Plaintiff in error, called defendant, was convicted of maintaining a common nuisance and keeping intoxicating liquor for sale at premises described, and of unlawful possession of "jackass" brandy.

There was ample evidence inculpating defendant. It was to the effect that the premises described were fitted up with a bar, chairs, and such equipment as was usual in a saloon; that several prohibition agents saw the bartender serving drinks in small glasses; that the agents saw men in front of the bar, and after entering and announcing themselves as federal officers, saw defendant back of the bar; that there was a scuffle between one of the prohibition agents and a man at the end of the bar; that defendant, who was then behind the bar, dumped a quantity of liquid into a

3 F.(2d)—28

container; that upon analysis the liquid was found to be jackass brandy, which contained 14.2 per cent. alcohol by volume.

[1] Plaintiff in error contends that he was prejudiced by certain language of the charge to the jury. After telling the jurors, that with the policy of the prohibition act neither they nor the court had concern as contradistinguished from their rights as private citizens, the court said that when the jurors were sworn and became with the judge a part of the machinery of the court, "it is our duty under the law to see that this law is enforced," and continued: "No bias or prejudice for or against the law should interfere with giving the defendant and the government a fair trial. Of course, it is my duty under my oath as it is your duty under yours. I am confident, of course, that you will do your duty. You are also instructed that the evidence introduced by the government, if believed by you, is sufficient to warrant and sustain a verdict at your hands of guilty."

It is insisted that in effect the court said that if the jury believed the witnesses for the government, the presumption of innocence was of no force, that it had been overcome, and that there was no reasonable doubt of the guilt of the defendant. But the language quoted was but a part of the entire charge, wherein the court had theretofore instructed specifically that the defendant was presumed to be innocent, and that the presumption of innocence "attaches at the beginning of the trial and follows him through the entire proceeding and until the government by evidence proves to the contrary to a moral certainty and beyond a reasonable doubt."

[2] Again, in another part of the charge the court instructed that there is no presumption of law created by the National Prohibition Act (Comp. St. § 10138¼ et seq.) "which is superior to or overcomes the presumption of innocence with which the defendant is clothed from the time of his arrest to the end of the jury deliberations." Furthermore, the jurors were charged that if there remained in their minds a reasonable doubt whether or not the prosecution had legally established any element constituting any of the crimes set forth in the information to a moral certainty, and beyond a reasonable doubt, then they must find the defendant not guilty. These several portions are consistent with each other and, when construed together as a whole, the charge correctly laid down the law by

putting the burden on the prosecution to prove beyond a reasonable doubt that defendant did the acts alleged against him.

The jurors could not have misunderstood that portion of the charge saying that it was the duty of the jurors and the court to see to the enforcement of the statute, for the court added that no prejudice for or against the law should interfere with giving the defendant and the government a fair trial. The expression of confidence that the jury would do its duty in the case was entirely free of intimation that the way to do their duty was to convict.

The court expressed no opinion upon the facts, and we find no error in the statement of the principles of law applicable to the evidence.

The judgment is affirmed.